**Fred COX, Appellant,**

v.

**Burt BARR, Appellee.**

**No. 4269.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 15, 1968.

Rehearing Denied Dec. 6, 1968.

Doyle Willis and G. Gordon Whitman, Ft. Worth, for appellant.

James H. Martin, Dallas, for appellee.

GRISSOM, Chief Justice.

Fred Cox sued Burt Barr. He alleged that on January 19, 1960, he borrowed $5500.00 from Barr and executed and delivered to him a deed to 49 acres of land under an agreement that said deed was only a mortgage to secure payment of said loan; that during 1960, Cox and Barr made a contract to operate a livestock and farming business, as partners, Barr agreeing to contribute all the money, including the purchase price of stock, feed, material, labor, veterinary expenses and general overhead, and Cox agreeing to manage said business and that all profits would be equally divided; that it was agreed Barr would apply the first $5500.00 of the profits to repayment of said loan, whereupon, Barr would reconvey the land to Cox. Plaintiff alleged the purchase of cattle; that they were cared for by him; that during the years Cox would sell cattle and their increase and deliver the proceeds to Barr; that he had delivered all such proceeds, except those retained to purchase other livestock. Cox alleged he had advanced $5,000.00 to the partnership which had not been repaid; that the partners owned 160 head of cattle and calves of the market value of $15,000.00 to $20,000.00; that they had been cared for by Cox but Barr had terminated the partnership and claimed the cattle. Plaintiff sought an accounting, dissolution of the partnership, recovery of the 49 acres, division of the partnership property, damages and costs.

Barr answered that he had not loaned the $5500.00 to Cox; that, to the contrary, he bought the 49 acres from Cox for $5500.00 cash. He denied partnership under oath. He alleged that Cox had never claimed any interest in the land until he filed this suit in July 1967. Barr further alleged that on March 26, 1960, he bought some cattle and Cox offered to assist in caring for them; that, as the herd grew, Barr agreed to divide the net profits of the enterprise with Cox; that he had never recovered his expenses, he had made no profit and he owed Cox nothing. Barr alleged that about a year after the agreement to share the net profits was made it became apparent to him that cows and calves were disappearing, that Cox was spending more and more time at his grocery store and filling station about 15 miles away and neglecting the livestock, whereupon, in July, 1967, Barr terminated the arrangement and the livestock, which was sold under order of the court, was sold for less than Barr had invested in them. Barr pleaded the two and four year statutes of limitation against the claim of Cox for reimbursement for money he claimed Barr owed him.

The jury found (1) that when the deed to the 49 acres of land was executed and delivered by Cox to Barr it was not agreed that the $5500.00 paid by Barr to Cox was a loan. It found (5) that each party had received and retained from the proceeds of the sale of farm products $2,701.13 (In this connection the jury was instructed not to include any money received from the sale of cattle under direction of the court and deposited in court.) The jury found (6) that Cox spent $5,182.71 in the livestock operation for which he had not been reimbursed; that (7) Barr spent in said livestock operation $25,584.63; that (8) Cox failed to demand reimbursement for any expenses paid by him within a reasonable time after making such payments and that (9) Cox failed to make demand within a reasonable time for reimbursement of $2,952.36.

Based upon said verdict, the court rendered judgment vesting title to the land in Barr and ordered the proceeds of the livestock on hand when the contract was terminated delivered to Barr. Cox has appealed.

Appellant says he brought suit upon two separate but related causes of action, first, to set aside the deed on the ground that it was a mortgage and, second, to obtain distribution of partnership assets. His first

points are that (1) the court erred in refusing to grant a new trial because he established that the foreman of the jury was disqualified and (2) the court erred in sustaining an objection to his testimony concernng his prejudice and disqualification. The substance of the alleged disqualification was that Warren stated in the jury room that he didn't believe Cox was such a poor business man that he would go for years without trying to collect money owing to him, under the circumstances; that when he was questioned on voir dire he stated that he knew Mr. Cox; that he didn't remember whether he was asked that question individually or as a member of the panel; that at the time the verdict was being discussed and at the time he was being interrogated as a prospective juror he had an opinion that Mr. Cox wouldn't let anybody owe him money for six or eight years without making some attempt to collect it.

Appellant cites Vernon's Ann.Civ.St. Article 2134 which provides that a person is disqualified to serve as a juror who is prejudiced against a party to a suit and quotes from the Supreme Court's opinion in Compton v. Henrie, Tex.Sup., 364 S.W.2d 179, as follows:

"To a greater or lesser extent, bias and prejudice form a trait common in all men; however, to fall within the disqualifying provision of Article 2134, § 4, supra, certain degrees thereof must exist. Bias, in its usual meaning, is an inclination toward one side of an issue rather than to the other, but to disqualify, it must appear that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality. Prejudice is more easily defined for it means prejudgment, and consequently embraces bias; the converse is not true. The establishment of such a state of mind would disqualify Fugate from serving on this jury as a matter of law. It is only where there are grounds for disqualification other than those provided for in the statute that the discretionary powers of the trial judge may be exercised, for a disqualification under Article 2134 does not involve a matter of discretion, but a matter of law."

■ Appellant argues that Warren's "prejudice" against Cox was established by his testimony that when the amount which Cox was entitled to be reimbursed, in connection with issue 6, was being discussed Warren wrote "0". The question was what amount of money Cox had expended in the livestock operation for which he had not been reimbursed. The jury answered "$5,182.71." A juror's opinion that he didn't believe that a person with whom he was acquainted would wait six to eight years before making any attempt to collect a debt was reasonable, and as to most business men, a matter of common knowledge and, in our opinion, did not establish prejudice. In any event, the answer to issue 6 does not indicate that Cox was hurt thereby. The jury found the amount claimed by appellant. Certainly, statutory disqualification was not established.

Appellee's answers to said contentions are that although the cases cited by appellant are the law they are not applicable to the facts of this case; that when the whole record is considered neither prejudice nor harmful effect have been established; that, to the contrary, Cox was a resident of the county where the case was tried while defendant was a Dallas lawyer and bias in favor of appellant, instead of prejudice against him, is evident from the answer to issue 6, that Cox spent $5,182.71 in the livestock operation for which he had not been reimbursed. They say, and apparently correctly, that was the amount appellant claimed he spent for which he had not been reimbursed and that the jury was trying to give him all he claimed but failed to do so only because his claim therefor was defeated by the statute of limitation.

■ Harmful prejudice is not established by the evidence pointed out by appellant to the effect that Warren preferred

to answer issue 6 to the effect that Cox had not spent any money in the livestock operation for which he had not been re-imbursed. In view of evidence that during a period of about seven and a half years Cox never wrote a line requesting return of the 49 acres of land or offered to re-pay the $5500.00 paid to him by Barr, and that prior to the suit he had never made a claim for reimbursement of the more than $5,000.00 which he alleged he spent in the livestock operation and for which he had not been reimbursed. Tersely stated, on the main issue of whether the $5500.00 was the purchase price of the 49 acres of land or a loan, the jury clearly had a right to find from the evidence, as it did, that it was not a loan.

In answer to other well presented points of error it is sufficient to say that, in our opinion, the evidence is sufficient to sus-tain the findings that the $5500.00 paid to Cox by Barr was for the 49 acres of land and not a loan and that Barr did not make a profit from their livestock operation.

We have considered the several proce-dural errors assigned. We think controlling issues were submitted and decided against appellant and that reversible error is not shown. Appellant's points are overruled. The judgment is affirmed.